No. 3807.—CLARA H. FLOWER *v.* M. LEGRAS, Tax Collector, Parish of Rapides.

Article 118 of the Constitution which makes it obligatory on the general assembly to levy a poll tax for school purposes, does not prohibit the assessment of a tax on property for the same purpose. An additional tax on property for the support of public education is not therefore unconstitutional.

The Revenue Act which authorizes the Auditor to communicate to the tax collectors the amount necessary to be collected for interest purposes, does not impose upon the Auditor the duty, or confer upon him the power of levying a tax. It merely designates him as the officer to ascertain the amount of interest tax to be collected, and is not therefore in violation of the Constitution which lodges the taxing power exclusively in the legislature. A taxpayer has no right to complain if the amount of taxes demanded of him is shown to be less than the amount he owes.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *Robt. P. Hunter,* District Attorney *pro tem.,* for tax collector, appellee. *Ryan, Bowman, Seay & Manning,* for defendant and appellant.

LUDELING, C. J. The plaintiff obtained an injunction to restrain the defendant from selling her property to pay taxes, on the grounds following :

*First*—That the four mills on the dollar as State tax is excessive and illegal—that the State tax is only two and a half mills on the dollar, they contend that because the act No. 96, of the General Assembly of 1870, approved the fourteenth of March, 1870, provides that it shall go into effect on the first of April following, it therefore repealed the law passed on the sixteenth of March, at the extra session in 1870, which provided a revenue for the State. This does not merit serious consideration.

*Second*—That the tax of two mills on the dollar as school tax, is unconstitutional, inasmuch as the Constitution has provided that a capitation tax shall be levied for school purposes. It is difficult to conceive how article 118 of the Constitution can be construed to imply a prohibition on the legislature to levy a tax on property for school purposes. It makes it obligatory on the General Assembly to levy a poll tax, which in part shall go to support the public schools; but it does not in the remotest way prohibit the assessment of another tax on property for the same purpose. Article 135, on the contrary, expressly declares that the legislature shall provide for the support of public schools by taxation or otherwise. We are unable to discover wherein the tax is unconstitutional.

*Third*—The "interest tax" is next resisted because it is imposed by the Auditor, and the legislature can not delegate its authority to tax. The error is in supposing that the legislature delegated its power to tax to the Auditor, or that he levied the tax. He is merely the arithmetician designated by the law to ascertain how much *interest* on the State debt is to be provided for, and to inform the collectors of that fact.

But the plaintiff contends that the collector is attempting to collect five and a half mills as "interest tax," whereas the Auditor and the law only require four and a half mills. The plaintiff admits, however (and it is proved by other evidence), that the tax collector was not demanding more money of her than she owed for her taxes. It would seem to be of little importance, whether or not the memorandum of the taxes due by the plaintiff showed that the collector had embraced in the "interest tax" an amount which should have been placed under "levee tax." So long as no more is demanded of the taxpayer than the amount he owes he can not be injured.

*Fourth*—The parish taxes seem to have been legally assessed, and the evidence in the record shows that the formalities of law were duly observed, by the collector, in proceeding to collect the taxes.

The act of 1871, section fifty-eight, directs that "upon a dissolution of any injunction hereafter granted to injoin or delay the collection of any such taxes," etc., "the court ordering such injunction to be dissolved shall enter a decree against the person or persons suing out the same, and his or their securities on their injunction bond, for the sum of twenty per cent. on the amount of all taxes, the collection of which was delayed or injoined, and all costs of suit." 120.

It is therefore ordered and adjudged that the judgment of the lower court be amended so as to allow twenty per centum on the amount of the taxes as damages, against the plaintiff and her security on the injunction bond *in solido*, and that as thus amended the judgment be affirmed with costs of appeal.